## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| ENRIQUE RODRIGUEZ, | : | |
| | : | Civil Action No. 09-190 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Enrique Rodriguez
779 Chestnut Street
Camden, NJ 08103

  *Plaintiff Pro Se*

Karen G. Fiszer
Special Assistant U.S. Attorney
Office of the US Attorney
26 Federal Plaza
Room 3904
New York, NY 10278

Robert Randolph Schriver
Special Assistant U.S. Attorney
Social Security Administration
Office of General Counsel
26 Federal Plaza
Room 3904
New York, NY 10278

  *Attorneys for Defendant*

**HILLMAN, District Judge:**

## I. INTRODUCTION

  This matter comes before the Court pursuant to Section

1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §

1383(c), to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Supplemental Security Income (hereinafter, "SSI") benefits under Title XVI of the Social Security Act.  The issue before the Court is whether the Administrative Law Judge (hereinafter, "ALJ"), in deciding an application for SSI benefits filed by Plaintiff in 2004, de facto reopened a prior application filed by Plaintiff in 2001, in light of the ALJ's finding that Plaintiff was disabled as of the date of his 2001 application.  For the reasons stated below, the Court will affirm the Commissioner's decision.

**II.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff pro se, Enrique Rodriguez, has filed for SSI benefits three separate times.  He first filed an application for benefits in or about 1998, which application was denied.  (R. 247.)[1]  Upon further review by an ALJ, Plaintiff obtained an unfavorable decision in September 1998.  (Id.)  Plaintiff appealed the decision to the Appeals Council of the Social Security Administration, and the decision of the ALJ was upheld on April 27, 2001.  (Id.)  Plaintiff then filed a second application for SSI benefits on or about July 15, 2001, which

---

1.  R.___ refers to pages in the administrative record filed by the Commissioner with his Answer.

2

application was denied.  (Id.)[2]  Plaintiff did not seek administrative review of the 2001 application.  (Id.)  On March 25, 2004,[3] Plaintiff filed an application for SSI benefits alleging that he became disabled beginning November 1, 1996. (Id. at 12.)  This application was denied on September 24, 2004, as was Plaintiff's request for reconsideration, which was denied on January 19, 2005.  (Id. at 23-27, 30-33.)

Plaintiff requested and received a hearing before an ALJ as to the March 25, 2004 application, and an administrative hearing was held on July 17, 2006.  (R. 243.)  At the hearing, Plaintiff's counsel notified the ALJ that Plaintiff was amending the alleged onset date of disability from November 1, 1996 to July 15, 2001.  (Id. at 247.)  Plaintiff's counsel requested that the Court reopen Plaintiff's 2001 claim, arguing that Plaintiff never received a final decision on such claim and noting that Plaintiff had medical evidence relating to the time period of the claim.  (Id. at 247-48.)  The ALJ granted Plaintiff's application to amend the onset date of disability to July 15, 2001, but

---

2.  The date on which this application was filed is unclear. Plaintiff contends that the application was filed on July 15, 2001; the decision of the Appeals Council indicates that the application was filed on July 10, 2001.  (R. 5.)  Moreover, nothing in the record indicates the date on which the July 2001 application was denied.

3.  Plaintiff filed the application that led to the ALJ's decision on April 14, 2004, and the application was given a protective filing date of March 25, 2004.  (R. 68-73, 93.)

reserved decision on the request to reopen the 2001 application. (Id. at 250.)  On September 19, 2006, the ALJ issued a written decision finding that Plaintiff had been disabled as of July 15, 2001, the alleged disability onset date.  (Id. at 19.)  However, the ALJ denied Plaintiff's request to reopen the 2001 application.  (Id. at 12.)  In his written decision, the ALJ noted that "the prior file has been destroyed and the evidence is insufficient for that period."  (Id.)  Accordingly, Plaintiff obtained benefits retroactive to April 2004, based on the date of filing of the March 2004 application, but he was not awarded benefits dating back to July 15, 2001.  (Id. at 241.)

Plaintiff then appealed to the Appeals Council, but on November 13, 2008 the Appeals Council denied Plaintiff's request for review.  (R. 3-6.)  The Appeals Council specifically found that the two-year time period for reopening a determination on Plaintiff's SSI application had expired.  (Id. at 5.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Sims v. Apfel, 530 U.S. 103, 107, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000).

Having exhausted his administrative remedies, Plaintiff filed the present civil action seeking judicial review of the final administrative decision.  In the complaint, Plaintiff alleged that the Commissioner's decision that Plaintiff was not

4

disabled prior to April 2004 was "not supported by substantial evidence" and was "based on an erroneous standard of law." (Compl. 2.)  Plaintiff requested that the Court set aside the Commissioner's decision and award Plaintiff retroactive benefits for the period July 2001 to April 2004.  (<u>Id.</u>)  Defendant filed an answer on April 24, 2009.  Although Plaintiff initially did not serve a brief in accordance with Local Civil Rule 9.1(a)(3),[4] the Court granted Plaintiff additional time and Plaintiff eventually served the brief on Defendant.  Thereafter, Defendant filed both Plaintiff's brief and Defendant's responsive brief on the docket.

## III. DISCUSSION

### A.    Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for SSI benefits.[5]  This statute, however, does not "authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits."

---

4.  "Plaintiff shall serve upon defense counsel a brief . . . with a cover letter, within 60 days after the answer was filed." L. Civ. R. 9.1(a)(3).

5.  Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), is applicable to SSI cases through 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security . . . shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

Califano v. Sanders, 430 U.S. 99, 107-08, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); Coup v. Heckler, 834 F.2d 313, 317 (3d Cir. 1987) ("A decision of the Secretary declining to reopen a claim is not judicially reviewable."), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  The Court may, however, examine the administrative record to determine whether an explicit or a de facto reopening occurred, despite any statements by the ALJ to the contrary.  Coup, 834 F.2d at 317.  "A reopening . . . will be found 'where the administrative process does not address an earlier decision, but instead reviews the entire record in the new proceeding and reaches a decision on the merits. . . .'"  Id. (quoting Kane v. Heckler, 776 F.2d 1130, 1132 (3d Cir. 1985)).

**B.  Analysis**

Plaintiff argues that he is entitled to SSI benefits for the period of August 2001 through March 2004 because the ALJ's refusal to reopen the 2001 claim was purportedly arbitrary and capricious.  (Pl.'s Br. 1.)  Plaintiff specifically contends that the ALJ's finding that there was insufficient evidence to render a determination on the 2001 claim is inconsistent with the ALJ's finding that Plaintiff was disabled as of July 15, 2001, the date he filed the 2001 claim.  (Id. at 8-9.)  In this regard, Plaintiff asserts that the ALJ could not have found Plaintiff disabled as of July 15, 2001 "unless he believed that there was

in fact sufficient evidence (both testimonial and documentary) to
find that [P]laintiff was in fact disabled going back to that
date." (Id. at 9.)  Plaintiff also contends that because the ALJ
rendered a "Fully Favorable" decision, he must have believed
there was sufficient evidence that Plaintiff was disabled as of
the alleged disability onset date of July 15, 2001.  (Id. at 10.)
Thus, Plaintiff argues, the ALJ's refusal to reopen the 2001
claim was arbitrary and capricious.  (Id.)

        Plaintiff also asserts that there was a de facto reopening
of the 2001 claim because the ALJ purportedly "reviewed the
entire record in the new proceeding and reached a decision on the
merits as to the period covered by plaintiff's 2001 claim."
(Id. at 12-13.)  Plaintiff notes that the record considered by
the ALJ included medical history dating back to June 2002, which
allegedly supported a finding of disability for the time period
of Plaintiff's prior claim.  (Id. at 15-16.)  Plaintiff further
notes that the ALJ did not expressly find that res judicata
applied to bar the 2001 claim.  (Id. at 20.)

        In opposition, the Commissioner argues that it was proper to
begin paying Plaintiff SSI benefits in April 2004, even though
Plaintiff was deemed disabled as of July 15, 2001.  (Def.'s Br.
6.)  Citing to C.F.R. § 416.335, the Commissioner notes that the
disability onset date has no effect on the date for which SSI
benefits can be paid because SSI payments do not begin on the

date a claimant is found disabled but are rather based on the
date an application for benefits is filed.  (Id.)  The
Commissioner also contends that Plaintiff's request for reopening
was untimely, as it was purportedly filed five years after a
determination on the 2001 claim.  (Id. at 7.)[6]  Moreover, the
Commissioner notes that the ALJ would have been unable to reopen
the 2001 claim because the file had been destroyed.  (Id.)  The
Commissioner further contends that the ALJ's decision was not a
de facto reopening of the 2001 claim because he considered
evidence dated after the filing of such claim, not evidence
relating to a time period prior to July 15, 2001.  (Id. at 9.)[7]

        In deciding the present matter, the Court first finds that
Plaintiff would not be entitled to retroactive payment of SSI
benefits based solely on his March 25, 2004 application.  When an
SSI claimant is eligible for benefits, the earliest month for

_____

6.  As previously noted, the record does not indicate the date of
the notice of the initial determination on Plaintiff's 2001
claim.  It is thus unclear whether Plaintiff's request for
reopening was untimely.  See 20 C.F.R. § 416.1488 (decision on
application for SSI benefits may, for any reason, be reopened
within twelve months of date of notice of initial determination,
and may be reopened within two years of date of notice of initial
determination upon finding of good cause).

7.  The Court rejects the Commissioner's argument that medical
records that post-dated the July 2001 application could only have
been reviewed in connection with the 2004 claim.  (Def.'s Br. 9.)
In considering Plaintiff's 2004 claim, the ALJ reviewed records
that post-dated the 2004 application and found Plaintiff disabled
through 2006.  (R. 12-19, 241.)  Similarly, records that post-
dated the 2001 application might have been reviewed when the 2001
claim was decided.

which benefits are paid is "the month following the month [the claimant] filed the application."  20 C.F.R. § 416.335.  Benefits are not payable for the month in which the application was filed or any month preceding the month in which the application for such benefits is filed.  20 C.F.R. §§ 416.200, 416.330(a), 416.335.  Here, because Plaintiff filed an application for SSI benefits on March 25, 2004, the earliest month Plaintiff could have received such benefits was April 2004, notwithstanding the ALJ's determination that Plaintiff was disabled as of July 15, 2001.

Plaintiff, however, seeks benefits dating back to 2001 based on the application for benefits filed on July 15, 2001, arguing that the ALJ reopened the 2001 claim by reviewing records and finding that Plaintiff was disabled as of 2001.  To the extent that Plaintiff contends the ALJ's refusal to reopen the 2001 application was arbitrary and capricious, Plaintiff appears to contest the propriety of the ALJ's reopening decision.  As set forth above, the Court lacks jurisdiction to consider such argument.  See Califano, 430 U.S. at 107-08.  It is not the Court's role to determine whether there was good cause to reopen Plaintiff's 2001 SSI application, and the Court therefore will not question the propriety of the ALJ's decision not to reopen such claim.  See Coup, 834 F.2d at 317.

Plaintiff alternatively argues that even though the ALJ

9

expressly refused to reopen the 2001 claim, the ALJ constructively reopened the claim by considering medical evidence dating back to 2002 and finding Plaintiff disabled as of 2001. The Court may examine the administrative record to determine whether or not an explicit or a de facto reopening occurred. Coup, 834 F.2d at 317.  In Kaszer v. Massanari, 40 Fed. Appx. 686 (3d Cir. 2002), an unpublished decision cited by both parties, the Third Circuit interpreted Coup as setting forth a two-part test to determine whether there was a de facto reopening of a prior Social Security claim.  First, the Court must determine whether the ALJ addressed "the earlier decision vis-a-vis res judicata" and "whether the prior adjudication [was] used for its preclusive effect or whether it [was] reopened." Kaszer, 40 Fed. Appx. at 693-94.  If the ALJ did not address the earlier decision, the Court must then determine whether the ALJ "'review[ed] the entire record in the new proceeding and reache[d] a decision on the merits.'"  Id. at 694 (quoting Coup, 834 F.2d at 317).

Here, the ALJ did not state that the doctrine of res judicata barred reopening of the 2001 claim.  The Court notes that when a final decision is made with respect to a claim for SSI benefits, the doctrine of res judicata generally bars a claimant from filing a later application alleging the same claim. 20 C.F.R. § 416.1457(c)(1) (ALJ may dismiss request for hearing

because of previous determination on same facts and same issues, and previous determination has become final).  The ALJ never addressed the preclusive effect of any prior decisions, noting only that he declined to reopen the 2001 application because the file relating to that claim had been destroyed and there was not sufficient evidence to consider the claim.  (R. 12.)[8]

Because the ALJ did not state that he was giving a preclusive effect to any prior decisions, the Court also considers the second prong of the Coup test, that is, whether the ALJ reviewed the entire record in the new proceeding and reached a decision on the merits.  The record before the Court does not indicate that the ALJ, in considering Plaintiff's 2004 application, reviewed the entire administrative record, including the record developed in connection with the 2001 application.  In fact, the ALJ states that the 2001 claim file was destroyed, and Plaintiff does not contend that he presented in connection with his 2004 application the evidence that had previously been submitted with the 2001 application.  Therefore, while the record in connection with Plaintiff's 2004 application contained documents dating back to 2001 and earlier,[9] it is not clear that

_____

8.  Additionally, the Court notes Plaintiff's argument that because he never obtained a final decision on the 2001 application, the doctrine of res judicata would not have applied to bar reopening of such claim.  (R. 247-48.)

9.  See, e.g., R. 154 (patient progress notes dated March 24, 1999), R. 161 (patient progress notes dated March 26, 2001), R.

these same documents had been considered when Plaintiff's 2001 claim was initially reviewed and denied. Moreover, it appears that Plaintiff's 2001 application alleged a disability onset date of November 1, 1996. The record does not demonstrate that the ALJ considered any evidence relating to a disability as far back as 1996, particularly when Plaintiff amended the disability onset date in his 2004 application to July 15, 2001. As such, the Court cannot conclude that the ALJ considered the record for the entire period of alleged disability set forth in Plaintiff's 2001 application and reached a decision on the merits.

In so finding, it is clear, as noted above, that the administrative record before the ALJ contained records predating Plaintiff's 2001 application. However, the Court rejects any argument that the ALJ reopened the 2001 application by reviewing such medical records. "A prior disability claim is not deemed to have been reconsidered on the merits merely because the evidence reviewed by the ALJ included evidence of the claimant's condition at the time of the previous application." Girard v. Chater, 918 F. Supp. 42, 44 (D.R.I. 1996). "An ALJ 'is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application.'" Id. (quoting Frustaglia v. Sec. of Health

---

163 (patient progress notes dated December 29, 2000).

& Human Servs., 829 F.2d 192, 193 (1st Cir. 1987)); see also
Groves v. Apfel, 148 F.3d 809, 810-11 (7th Cir. 1998) ("There
thus is no absolute bar to the admission in the second proceeding
of evidence that had been introduced in the prior proceeding yet
had not persuaded the agency to award benefits."); Burks-Marshall
v. Shalala, 7 F.3d 1346, 1348 (8th Cir. 1993) ("[T]he mere
allowance of evidence from the earlier applications, without
more, cannot be considered a reopening of the earlier case.").
While there is a "fine line" between "considering a claimant's
medical history solely for the purpose of establishing whether
the claimant was disabled" and "actually reconsidering that
evidence," Kaszer, 40 Fed. Appx. at 695, it appears that the ALJ
here considered records predating the 2004 application solely to
determine whether Plaintiff was disabled as of the onset date set
forth in such application.[10]  Accordingly, the fact that the ALJ
reviewed medical records that may have also been submitted in
connection with Plaintiff's 2001 application does not mandate a
finding that the ALJ constructively reopened the 2001 claim.

Plaintiff primarily relies on Kaszer v. Massanari in
arguing that his 2001 application was constructively reopened,

---

10.  Plaintiff claims that the ALJ "clearly reviewed the entire
record in the new proceeding and reached a decision on the merits
as to the period covered by plaintiff's 2001 claim."  (Pl.'s Br.
12-13.)  However, even Plaintiff "acknowledges that [his mental
health records] do not go all the way back to July of 2001[.]"
(Id. at 15.)

but the Court finds that Kaszer is distinguishable.  In Kaszer, the plaintiff filed for disability insurance benefits and supplemental security income in 1993, and again in 1995 after her first application was denied.  40 Fed. Appx. at 688.  The 1995 application was also denied, but on appeal to federal court Plaintiff was awarded benefits retroactive to July 2, 1992.  Id. The court thereafter amended its order because the disability insurance benefits, pursuant to the applicable statutes and regulations, could only be paid for the twelve months preceding the filing of an application and the SSI benefits could not be paid retroactively.  Id.  The plaintiff appealed, arguing that her 1993 application was de facto reopened during the administrative process, thus entitling her to benefits as of 1992, twelve months prior to the first application.  Id.  The Third Circuit agreed, noting that the ALJ had considered evidence of the plaintiff's medical condition in 1992 and 1993, a period for which the plaintiff would not have been entitled to benefits under her second application, and based the decision on all of the evidence.  Id. at 694.  Specifically, the Third Circuit stated that "the ALJ here analyzed [plaintiff's] medical history and supported her decision by 'careful consideration of all the evidence', such that her actions were sufficient to reopen plaintiff's first application de facto."  Id. at 695.

In the present case, by contrast, it is not apparent that

14

the ALJ considered the same evidence that was presented in connection with the 2001 claim.  The record of Plaintiff's 2001 claim was destroyed, so it does not appear that the ALJ considered the "entire record," including the record developed in connection with the 2001 claim, in deciding the 2004 application. Further, the record does not demonstrate that Plaintiff's 2001 application alleged the same disabilities at issue in the 2004 application.  In this regard, Plaintiff alleged in his 2004 application that he suffered from depression, insomnia, anxiety and back pain.  (R. 23.)  It is unclear whether Plaintiff alleged similar mental disabilities in 2001, or whether his 2001 application related solely to his alleged back pain.  Thus, unlike the case in Kaszer, while the ALJ considered records that may have spanned, in part, the same time frame as Plaintiff's 2001 claim, the Court cannot conclude based on the record that the ALJ considered any part of the record developed in connection with the 2001 application.

Finally, the Court notes that the ALJ did not reopen the 2001 claim because the file had been destroyed.  While arguably Plaintiff should not have been disadvantaged solely because the Social Security Administration destroyed the file, the decision of whether to reopen the 2001 claim in the absence of prior records is left to the discretion of the ALJ.  The Court cannot substitute its judgment for that of the ALJ and is without

15

jurisdiction to review the propriety of the ALJ's decision.  The Court can only determine whether the ALJ constructively reopened the 2001 claim by considering all of the evidence associated with both the 2001 claim and the 2004 claim.  For the reasons stated above, the Court does not find a constructive reopening of the 2001 claim.

**IV.  CONCLUSION**

The record establishes that the ALJ expressly refused to reopen Plaintiff's 2001 SSI application and did nothing that could be construed as a reconsideration of that claim on the merits.  Accordingly, the decision of the Commissioner is affirmed.  An accompanying Order will be issued.


Date: September 30, 2011        s/ Noel L. Hillman
                                HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

16